# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. BIBBS,<br><br>                  Plaintiff,<br><br>      v.<br><br>KERN VALLEY STATE PRISON, *et al.*,<br><br>                  Defendants. | Case No.  1:24-cv-01323-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 9)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Martin J. Bibbs ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 18, 2024, Plaintiff filed a motion to proceed *in forma pauperis*, and on November 21, 2024 he submitted a certified copy of his inmate trust account statement.  (ECF Nos. 9, 11.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

///

1

physical injury."[1]  Plaintiff has previously been notified that he is subject to § 1915(g).[2]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[3] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007).  In the complaint, Plaintiff alleges that in December 2023, a neurological surgeon diagnosed Plaintiff as needing surgery for severe spine abnormalities and ordered pre-surgery diagnostics, including MRIs of the cervical and lumbar spines.  Two attempts of the MRIs were made but were unsuccessful, due to Plaintiff's claustrophobia and shrapnel in Plaintiff's right arm.  On August 1, 2024, KVSP Facility D Dr. Devine, named as a defendant in this action, cancelled Plaintiff's MRI tests, his neurological surgeon follow-up, and by those actions cancelled Plaintiff's back surgery.  After a video examination of Plaintiff, Defendant Devine stated that in her opinion Plaintiff did not need an MRI and did not meet the criteria for one.  Plaintiff told Defendant Devine that he needed the surgery, as he suffers severe chronic daily ambulation, pain, numbness, incontinence, and many other ailments resulting from his spinal abnormalities.  (ECF No. 1.)

"Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and utterly conclusory assertions" of imminent danger or insufficient.  *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Bibbs v. Tilton*, Case No. 1:11-cv-01012-GSA (E.D. Cal.) (dismissed on January 13, 2014 for failure to state a claim); (2) *Bibbs v. Reich*, Case No. 3:21-cv-06079-CRB (N.D. Cal.) (defendants' motion to dismiss granted and certain claims dismissed as barred by applicable statute of limitations on March 15, 2023; remaining claim dismissed for failure to state a claim on April 21, 2023); (3) *Bibbs v. Keefe Commissa*, Case No. 2:24-cv-05350-PA-DTB (C.D. Cal.) (dismissed on August 1, 2024 as frivolous and malicious).

[2] *See, e.g.*, *Bibbs v. Doe 2*, Case No. 3:23-cv-02271-RSH-BLM (S.D. Cal.) (denying request for leave to proceed *in forma pauperis* after finding that plaintiff has had three or more prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted); *Bibbs v. Lewis*, Case No. 3:24-cv-00514-JAH-LR (S.D. Cal.) (same).

[3] The Court expresses no opinion on the merits of Plaintiff's claims.

Based on the allegations in the complaint, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed. Plaintiff's spinal abnormalities and related ailments have existed since at least December 2023, and Plaintiff does not allege that his condition worsened from that time to August 1, 2024, or that the delay in the MRIs or surgery was due to any action or inaction by Defendant Devine. It is also unclear whether the neurological surgeon scheduled Plaintiff for spinal surgery, or whether Plaintiff was only scheduled for pre-surgery diagnostics, including MRIs. Eight months after scheduling, those MRIs were not performed due to Plaintiff's claustrophobia and shrapnel, not due to any action by Defendant Devine. Plaintiff also does not allege that cancellation of his surgery will worsen (or that performance of the surgery will alleviate) any of the ailments he alleges are the result of his spinal abnormalities.

Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $405.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 9), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $405.00 initial filing fee in full to proceed with this action.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by CM/ECF document and page number if already in the record before the Court. Any pages filed in excess of the**

3

**15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 22, 2024**          /s/ *Barbara A. McAuliffe*          
                                    UNITED STATES MAGISTRATE JUDGE