# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. BIBBS, | Case No.: 1:24-cv-1323-BAM (PC) |
| Plaintiff, | ORDER FINDING PLAINTIFF MAY PROCEED ON COGNIZABLE CLAIM |
| v. | |
| CHRISTIAN PFIEFFER, et al., | (ECF No. 18) |
| Defendants. | |

Plaintiff Martin J. Bibbs ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 1.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at Kern Valley State Prison ("KVSP"), in Delano, California where the events in the complaint are alleged to have occurred. Plaintiff names Dr. Devine as the sole defendant.[1]

Plaintiff alleges right to medical care, freedom from cruel and unusual punishment and due process. Plaintiff alleges as follows:

> I am an incarcerated person within the CDCR since July 1991, currently housed at KVSP in Delano, CA. I suffer serious medical problems, with ambulation difficulties. On 3/24/21 an MRI was done exhibit 1. It reveals severe spinal abnormalities. In December 2023, my specialist neurosurgeon, M. Rahimifar (Ex. 2) advised surgery. I agreed, he ordered pre-surgery diagnostics MRIs of neck and lumbar. On April 18, 24, defendant Devine, without reviewing my previous MRI, or consulting with neurologist, deliberately interfered with my medical treatment and as deliberately indifferent to my serious medical issues, when without any exam she cancelled my specialist's pre-op MRI's, order. She also cancelled upon her own my neurologist follow-up and my back surgery. She also attempted to take away my ambulation assistance devices, wheelchair, and walker. She further refused to assign me safety rails in my cell, or to single cell me due to physical vulnerability of being assaulted.

---

[1] In the caption of the first amended complaint, Plaintiff lists the defendants as "Dr. Devine *et al.* at KVSP." Plaintiff does not identify any other defendant. See Fed. R. Civ. P.10. Therefore, the Court will screen the first amended complaint as to Dr. Devine only.

Plaintiff further alleges:

> Dr. Devine knew my medical issues were very serious as I require a wheelchair to get around and wheelchairs are not issued easy with the CDCR. They must be seriously needed. So upon seeing me she knew my medical issues were serious and she proceeded to cancel my treatment, diagnostics and specialist follow-up her consultation was performed via telemed and entirely based upon me transferring from wheelchair to examin table.

As remedies, Plaintiff seeks injunctive relief and compensatory and punitive damages.

### III.     Discussion

#### Eighth Amendment - Deliberate Indifference to Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo County, Ariz*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.

Negligence or medical malpractice do not rise to the level of deliberate indifference. *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d at 242, overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012)) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Liberally construing the complaint, Plaintiff alleges an objectively serious medical need. He alleges that he has a serious back abnormalities. Further, Plaintiff states a cognizable claim for deliberate indifference. Again, liberally construing the allegations, as the Court must at this stage, the cancellation of the treatment recommended (MRI and surgery) was medically unacceptable under the circumstances. Plaintiff states a claim for the cancellation of treatment.

**Injunctive Relief**

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).

### IV.   Conclusion and Order

Based on the above, the Court finds that Plaintiff's first amended complaint, filed on April 10, 2025, states cognizable claims against the Defendant Dr. Devine for violation of the Eighth Amendment, as discussed above.

Accordingly, it is HEREBY ORDERED as follows:

1. This action proceed on Plaintiff's first amended complaint, filed on April 10, 2025, against Dr. Devine for violation of the Eighth Amendment for the cancellation of treatment, and
2. A separate order will issue regarding service of the complaint.

IT IS SO ORDERED.

Dated:   **April 23, 2025**              /s/ *Barbara A. McAuliffe*  
                                         UNITED STATES MAGISTRATE JUDGE

5