# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. BIBBS,<br><br>        Plaintiff,<br><br>    v.<br><br>DEVINE,<br><br>        Defendant. | Case No.  1:24-cv-01323-KES-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR A 45-DAY EXTENSION OF THE DEADLINE TO FILE AN EXHAUSTION DISPOSITIVE MOTION<br><br>(ECF No. 28)<br><br>Exhaustion Motion Deadline: **December 11, 2025** |

**I.     Background**

Plaintiff Martin J. Bibbs ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant Dr. Devine for violation of the Eighth Amendment for the cancellation of treatment.

Pursuant to the Court's June 27, 2025 Discovery and Scheduling Order, the deadline for filing motions for summary judgment for failure to exhaust administrative remedies is October 27, 2025, the deadline for completion of all discovery is February 27, 2026, and the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust is May 7, 2026.  (ECF No. 26.)

1

## II.     Defendant's Motion

Currently before the Court is Defendant's motion to extend the deadline to file an exhaustion-based motion for summary judgment, filed October 17, 2025.  (ECF No. 28.)  Defendant requests that the Court extend the current October 27, 2025 deadline to file a motion for summary judgment regarding exhaustion by forty-five days, up to and including December 11, 2025.  (*Id.*)  Plaintiff has not had an opportunity to file a response, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*  If the party was not diligent, the inquiry should end. *Id.*

Defense counsel states that good cause supports the requested extension because defense counsel is awaiting Plaintiff's responses to Defendant's interrogatories.  (ECF No. 28 at 3-4.)  Defense counsel reportedly obtained and investigated Plaintiff's administrative grievances for the relevant time frame, met with the grievance coordinator at Plaintiff's institution, and propounded written discovery to Plaintiff to clarify his administrative grievances related to the claims in his amended complaint.  Plaintiff's responses to Defendant's interrogatories are due on October 27, 2025. (*Id.* at 3, 6-7.)  Defense counsel therefore contends that additional time is needed to complete an exhaustion-based motion for summary judgment because counsel is awaiting receipt of Plaintiff's responses to Defendant's interrogatories, which are currently due on October 27, 2025. (*Id.* at 3.)  Defense counsel also asserts that additional time is needed to complete the motion due to other demands in defense counsel's workload.  (*Id.* at 3, 7.)

Having considered Defendant's motion, the Court finds good cause to grant the requested modification of the scheduling order.  Defendant has been diligent in investigating Plaintiff's administrative grievances and pursuing relevant discovery in anticipation of an exhaustion-based motion.  The Court further finds that Plaintiff will not be prejudiced by the brief extension of time

granted here as no trial has been set and no other deadlines will be changed by the requested extension.

### III.    Order

Based on the above, IT IS HEREBY ORDERED as follows:

1. Defendant's motion for a forty-five-day extension of the deadline to file an exhaustion motion, ECF No. 28, is GRANTED.
2. The deadline for filing motions for summary judgment under Federal Rule of Civil Procedure 56 for failure to exhaust administrative remedies is extended from October 27, 2025, to **December 11, 2025**.
3. All other deadlines and requirements set forth in the Court's June 27, 2025 discovery and scheduling order, ECF No. 26, remain in place; and
4. Any request for an extension of these deadlines must be filed on or before the expiration of the deadline. The parties are advised that an extension of time will only be granted upon a clear showing of good cause.

IT IS SO ORDERED.

Dated:   **October 20, 2025**              /s/ *Barbara A. McAuliffe*              
                                                                UNITED STATES MAGISTRATE JUDGE

3