# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. BIBBS,<br>Plaintiff,<br>v.<br>DEVINE,<br>Defendant. | Case No. 1:24-cv-01323-KES-BAM (PC)<br>ORDER VACATING JULY 30, 2026 FINDINGS AND RECOMMENDATIONS<br>(ECF No. 37)<br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT DEVINE'S MOTION FOR SUMMARY JUDGMENT BASED ON FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br>(ECF No. 31)<br>**FOURTEEN (14) DAY DEADLINE** |

## FINDINGS AND RECOMMENDATIONS

### I. Introduction

Plaintiff Martin J. Bibbs ("Plaintiff" or "Bibbs") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Dr. Devine for violation of the Eighth Amendment for the cancellation of treatment.

On December 11, 2025, Defendant Devine filed a motion for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies regarding his sole Eighth Amendment deliberate indifference to serious medical needs claim as required under the Prison

Litigation Reform Act, 42 U.S.C. § 1997e(a).[1] Fed. R. Civ. P. 56(c), *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 574 U.S. 968 (2014). (ECF No. 31.) Plaintiff filed an opposition on January 9, 2026. (ECF No. 32.) Defendant filed a reply on January 13, 2026. (ECF No. 33.)

The motion for summary judgment is deemed submitted. L.R. 230(l).

## II. Pending Findings and Recommendations

On March 31, 2026, the Court issued an order granting Defendant's motion to vacate the deadline to file a merits-based motion for summary judgment pending an order on Defendant's exhaustion-based motion for summary judgment. (ECF No. 35.) The Court's order, served on Plaintiff at Kern Valley State Prison, was returned as "Undeliverable, Inmate Refused" on May 15, 2026. (*See* docket.)

On July 30, 2026, after Plaintiff failed to timely update his address, the Court issued findings and recommendations to dismiss this action based on Plaintiff's failure to prosecute. (ECF No. 37.) The Court served the findings and recommendations on Plaintiff at his last known address at Kern Valley State Prison. On August 20, 2026, the Court's order was returned as "Undeliverable, Inmate Refused – Chrono on file" with an address at CSP Corcoran. (*See* docket.) Based on that information, the Clerk of the Court updated Plaintiff's address to CSP Corcoran, (*see* ECF No. 38), and re-served him with the findings and recommendations, (*see* docket). In light of Plaintiff's updated address, however, the findings and recommendations issued on July 30, 2026, (ECF No. 37), are HEREBY VACATED. The Court now turns to Defendant's motion for summary judgment.

## III. Defendant's Motion for Summary Judgment

### A. Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal

[1] Concurrent with the motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 31-10.)

law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendant bears the burden of raising and proving the absence of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino*, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino*, 747 F.3d at 1166. Otherwise, the defendant must produce evidence proving the failure to exhaust, and defendant is entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. *Id.*

Defendant must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted). The burden then shifts to Plaintiff to show something in his particular case made the existing and generally available administrative remedies effectively unavailable to him. *Williams*, 775 F.3d at 1191 (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted). The ultimate burden of proof on the issue of exhaustion remains with Defendant. *Id.* (quotation marks omitted).

**B. Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*, 747 F.3d at 1166; *Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible

evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist*., 237 F.3d 1026, 1031 (9th Cir. 2001).

The defendant bears the burden of proof in moving for summary judgment for failure to exhaust, *Albino,* 747 F.3d at 1166, and he must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172. If the defendant carries his burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.*

## IV. Discussion

### A. Summary of CDCR's Administrative Review Process

#### 1. Healthcare Grievance Process

CDCR's healthcare grievance process consists of two levels: (1) an institutional-level review conducted by the Health Care Grievance Office; and (2) a headquarters-level review conducted by the Health Care Correspondence and Appeals Branch ("HCCAB"). Cal. Code Regs. tit. 15, §§ 3999.225-3999.227. The process "provides an administrative remedy to patients under health care's jurisdiction for review of complaints of applied health care policies, decisions, actions, conditions, or omissions that have a material adverse effect on their health or welfare. *Id.* § 3999.226(a). In the grievance, prisoners must document all information known and available to them regarding the issue, and "include any involved staff member's last name, first initial, title or position, and the date(s) and description of their involvement." *Id.* § 3999.227(g)(1). If prisoners do not have information to identify involved staff member(s), then they must "provide any other available information that may assist in processing the health care grievance." *Id.* §

3999.227(g)(2). Prisoners cannot add new claims during the grievance process. *Id.* §§ 3999.227(a), 3999.229(a)(3). Only issues addressed in the headquarters-level review are deemed exhausted. *Id.* § 3999.230(i)–(j).

**2. Non-Healthcare Grievance Process**

During the relevant time, the California prison grievance system had two levels of review. Cal. Code Regs. tit. 15, § 3480, *et seq.* Pursuant to this system, an inmate may submit a written grievance to dispute a policy, decision, action, condition, or omission by the department or departmental staff. *Id.* § 3481(a). The grievance must be submitted on CDCR Form 602-1 to the Institutional Office of Grievances at the prison. *Id.* § 3482(a), (c). The grievance must "describe all information known and available to the claimant regarding the claim, including key dates and times, names and titles of all involved staff members (or a description of those staff members), and names and titles of all witnesses, to the best of the claimant's knowledge[.]" *Id.* § 3482(c)(2). If the inmate claimant wishes to appeal the resulting decision, then the inmate may submit an appeal to the CDCR Office of Appeals. *Id.* § 3484(a). Generally, completion of the review process by the Office of Appeals constitutes exhaustion of all administrative remedies available to the claimant. *Id.* § 3485(l).

**B. Relevant Allegations in the First Amended Complaint**

In the operative complaint, Plaintiff alleged as follows:

> I am an incarcerated person within the CDCR since July 1991, currently housed at KVSP in Delano, CA. I suffer serious medical problems, with ambulation difficulties. [O]n 3/24/21 an MRI was done exhibit 1. It reveals severe spinal abnormalities. [I]n December 2023, my specialist neurosurgeon, M. Rahimifar (Ex. 2) advised surgery. I agreed, he ordered pre-surgery diagnostics MRIs of neck and lumbar. On April 18, 24, Defendant Devine, without reviewing my previous MRI, or consulting with neurologist, deliberately interfered with my medical treatment and was deliberately indifferent to my serious medical issues, when without any exam she cancelled my specialist's pre-op MRI's, order. She also cancelled upon her own my neurologist follow-up, and my back surgery. She also attempted to take away my ambulation assistance devices, wheelchair, and walker. She further refused to assign me safety rails in my cell, or to single cell me due to physical vulnerability of being assaulted.

(ECF No. 18, First Amended Complaint ("FAC") at 4.)

Plaintiff further alleged:

> Dr. Devine knew my medical issues were very serious as I require a wheelchair to

> get around, and wheelchairs are not issued easy within the CDCR. They must be seriously needed. So upon seeing me she knew my medical issues were serious, and she proceeded to cancel my treatment, diagnostics and specialist follow-up her consultation was performed via Telemed and entirely based upon me transferring from wheelchair to exam[ ] table.

(*Id.*) The action proceeds against Defendant Devine for the cancellation of treatment. (ECF No. 19.)

**C. Statement of Undisputed Material Facts ("UMF")**[2]

1. The California Department of Corrections and Rehabilitation ("CDCR"), which includes Kern Valley State Prison ("KVSP"), has an administrative remedies process in place for all inmate grievances, including health care grievances, in accordance with Title 15 of the California Code of Regulations. This process was available to all inmates in 2024, when the alleged incidents in this case occurred, and is currently available to all inmates. (ECF No. 31-4, Declaration of T. Redmon ("Redmon Decl.") ¶ 2.)
2. As of April 1, 2024, the administrative grievance process consists of two levels of review, which the inmate initiates by submitting a CDCR Form 602-1 to the institution's grievance coordinator. First-level grievances are received and decided by the Office of Grievances (OOG) at the institution where the issue being grieved arose. The second-level grievances are received and decided by the Office of Appeals (OOA) located in Sacramento, California. Completion of the review process by OOA constitutes exhaustion of all administrative remedies available to an inmate. (*Id.* ¶ 3.)
3. Since August 1, 2008, health care grievances involving medical, dental, and mental

[2] *See* Defendant's Statement of Undisputed Facts, (ECF No. 31-1). Plaintiff did not comply with the rules in preparing his opposition, including by failing to reproduce Defendant's Statement of Undisputed Facts and providing "a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support" of any disputed facts, or providing a statement of disputed facts. Local Rule 260(b). As a result, Defendant's Statement of Undisputed Facts is accepted except where brought into dispute by Plaintiff's verified First Amended Complaint. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence). Unless otherwise indicated, disputed and immaterial facts are omitted from this statement and relevant objections are overruled.

health services for incarcerated persons within the jurisdiction of the California Department of Corrections and Rehabilitation (CDCR) have been processed by California Correctional Health Care Services (CCHCS), under the Office of the Federal Receiver appointed in the class action litigation regarding prison health care, *Plata v. Newsom*, U.S. District Court for the Northern District of California, Case No. 3:01-cv-01351. (ECF No. 31-6, Declaration of K. Martin ("Martin Decl.") ¶ 1.)

4. The California Code of Regulations (CCR), Title 15, §§ 3999.225 – 3999.237 governs the health care grievance process. Under these regulations, incarcerated persons may grieve issues regarding health care policies, decisions, actions, conditions, or omissions using a CDCR 602 HC, Health Care Grievance form. Cal. Code Regs. tit. 15, §§ 3999.226, 3999.227(a) (2019). Health care grievances are subject to two levels of review: health care grievances are processed at the institutional level by Health Care Grievance Offices at each institution and health care grievance appeals are processed at the headquarters level by the Health Care Correspondence and Appeals Branch, if requested by the incarcerated person. Cal. Code Regs. tit. 15, § 3999.226(a)(1) (2019). Health care grievances are subject to a headquarters disposition before administrative remedies are deemed exhausted. Cal. Code Regs. tit. 15, § 3999.226(g) (2019). (*Id.* ¶ 3.)

5. Bibbs confirms he submitted two grievances. One grievance, Grievance Log. No. 602249 was submitted to KVSP's Office of Grievances. Bibbs submitted another grievance, a health care grievance under Grievance Log No. KVSP HC 24000041. (FAC at 2.; ECF No. 31-3, Ex. B to Declaration of Shamira Dwarica ("Dwarica Decl.").)

6. On January 9, 2024, the Kern Valley State Prison Health Care Grievance Office received Plaintiff Bibbs's health care grievance under tracking number KVSP HC 24000041. The grievance does not mention Defendant Devine nor does it complain that Defendant Devine cancelled his specialist follow-up and back surgery, as well as hie pre-operation MRIs. (Martin Decl. at ¶¶ 6–9; ECF No. 31-7, Ex. B to Martin

Decl.)

7. In this grievance, Bibbs complained of a disagreement with an unidentified doctor regarding a chronic pain management care plan during a December 26, 2023 encounter. (Ex. B to Martin Decl.)
8. On March 12, 2024, Bibbs received an institutional level response of intervention. This grievance and decision did not identify Defendant Devine as the subject of Bibbs's health care grievance. (Martin Decl. ¶¶ 7, 9.)
9. Kern Valley State Prison's Health Care Grievance Officer determined that Bibbs's grievance was related to pain management medications and staff allegations against an unidentified doctor who on December 26, 2023, discussed only MRIs with Bibbs. (Ex. B to Martin Decl.)
10. The department intervened and added Lyrica to Bibbs's current pain medication regimen and reordered MRIs of the L-spine and C-spine that Bibbs previously refused. (Institutional Level Response, Ex. B to Martin Decl.)
11. Bibbs appealed Grievance Log No. KVSP HC 24000041 on March 14, 2024. Bibbs's appeal did not mention Defendant Devine nor does it complain that Defendant Devine cancelled his specialist follow-up and back surgery, as well as his pre-operation MRIs. (Martin Decl. ¶¶ 7–9 and Ex. B.)
12. This grievance was not deemed to meet the definition of staff misconduct against health care staff. (Institutional Level Response, Ex. B to Martin Decl.).
13. On May 30, 2024, Bibbs received a headquarter level response of no intervention. (Martin Decl. ¶ 7.)
14. Bibbs submitted Grievance Log No. 602249 as a reasonable accommodation request on July 25, 2024. (FAC at 2); Redmon Decl. ¶ 8 and Ex. B; Ex. B to Dwarica Decl.)
15. Bibbs complained of back and leg pain and stated that he could not walk or stand. Bibbs also complained that his "permanent wheelchair user" status was "cancelled" by" LA Co. Jail administrators." Further, Bibbs requested that his "pain management meds, Lyrica" be reinstated because his current pain medications were not sufficient.

(Exs. A & B to Redmon Decl.; *see also* ECF No. 31-8, Declaration of Howard E. Moseley ("Moseley Decl.") ¶ 8.)

16. On August 30, 2024, the Office of Grievances determined that Bibbs's grievance was related to his permanent wheelchair user status, pain management medications, and staff allegations and denied the grievance. The grievance does not mention Defendant Devine nor does it complain that Defendant Devine cancelled his specialist follow-up and back surgery, as well as his pre-operation MRIs. (Ex. C to Redmon Decl. ¶ 9.)

17. The grievance was denied because medical staff evaluated Bibbs and found that Bibbs was on appropriate medication and was accommodated with the proper durable medical equipment — Bibbs was observed getting out of his wheelchair, climbing onto the exam table on his own without difficulty and no assistance, moving all four of his extremities without difficulty and did not appear in any discomfort. The Office of Grievances did not identify this grievance to be a staff misconduct allegation. (Ex. C to Redmon Decl.)

18. On October 17, 2024, Bibbs submitted an appeal of the Office of Grievances denial of Grievance Log No. 602249. This appeal, while it mentions Defendant Devine, for the first time, it does not mention that Defendant Devine cancelled his specialist follow-up and back surgery, as well as his pre-operation MRIs. (FAC at Ex. 3; Exs. B & C to Moseley Decl. ¶¶ 9–10.)

19. For the first time on appeal, Bibbs complained that Defendant Devine "interfered with [his] neuro-surgeons treatment and prep for surgery." (Ex. B to Moseley Decl.)

20. On December 18, 2024, the Office of Appeals denied Bibbs's claims and did not identify his allegations against Defendant Devine. (Ex. C to Moseley Decl. ¶ 10.)

21. The denial stated, "the context of the request and panel's response did not demonstrate [Bibbs] was excluded from participation in, or denied the benefits of, any service or programs offered by the Department because of [Bibbs's] disability, or that [Bibbs] was subject to any type of discrimination" and "a preponderance of the evidence supports that staff have followed departmental policy. (Ex. C to Moseley Decl.)

22. On September 10, 2025, Defendant propounded Interrogatories, Set One, to Bibbs, seeking verified responses from Bibbs regarding his allegations that an appeal or administrative remedy process was available at his institution, that he filed an appeal or grievance concerning all of the facts contained in his operative complaint, and that he completed the administrative remedy process regarding the claims in his operative complaint. (Ex. A to Dwarica Decl. ¶ 2.)

23. Bibbs completed his verified response to Defendant's Interrogatories, Set One, on November 6, 2025. (Ex. B to Dwarica Decl. ¶ 3.)

24. In Bibbs's verified response, he confirmed that an administrative remedy process was available to him at Kern Valley State Prison. He also identified the two grievances that he believes exhausted his administrative remedies: (1) Grievance Log No. KVSP HC 24000041; and (2) Grievance Log. No. 602249. (Ex. B to Dwarica Decl.)

**D. Defendant's Objections to Plaintiff's Exhibits**

Defendant objects to Plaintiff's submission of three grievances in support of his opposition based on foundation and lack of authentication. (ECF No. 33 at 6.) Plaintiff did not file a response to Defendant's evidentiary objections. It is not this Court's practice to rule on evidentiary matters individually in the context of summary judgment. *See Capitol Records, LLC v. BlueBeat, Inc.*, 765 F. Supp. 2d 1198, 1200 n.1 (C.D. Cal. 2010) (noting that it is often unnecessary and impractical for a court to methodically scrutinize and give a full analysis of each evidentiary objection on a motion for summary judgment). The Court declines to sustain foundational objections. *See US E.E.O.C. v. Placer ARC*, 114 F. Supp. 3d 1048, 1052 (E.D. Cal. 2015) (noting that "[o]n summary judgment, 'objections to the form in which the evidence is presented are particularly misguided where, as here, they target the non-moving party's evidence'"); *Weatherby Locums Inc. v. Kern Cnty. Hosp. Auth.*, No. 1:20-cv-00949 JLT CDB, 2024 WL 4729057, at *5 (E.D. Cal. Nov. 8, 2024) (overruling foundation objections and noting "[t]o the extent any declarant makes statements regarding matters of which he or she does not have personal knowledge, the Court does not rely on statements in resolving... [the motion], Moreover, any other foundational issues can be cured at trial..."); *see also Sandoval v. County of*

*San Diego*, 985 F.3d 657, 665 (9th Cir. 2021) (concluding district court abused its discretion where it sustained "boilerplate one-word objections for 'relevance,' 'hearsay' and 'foundation'" in motion for summary judgment).

**E. Parties' Positions**

Defendant argues that Plaintiff failed to properly exhaust administrative remedies regarding his claim in this case. Defendant first asserts that it is undisputed that an administrative grievance process was available to Plaintiff, which Plaintiff conceded in his first amended complaint and in his verified responses to Defendant's interrogatories. Defendant next asserts that Plaintiff failed to exhaust his Eighth Amendment deliberate indifference to serious medical needs claim against Defendant. Defendant claims that Plaintiff failed to submit a grievance identifying that Defendant cancelled Plaintiff's neurologist follow-up appointments, MRIs, and back surgery on April 18, 2024. Specifically, Defendant claims that neither KVSP HC 24000041 nor Grievance Log No. 602249 exhausted Plaintiff's claims against Defendant because neither of these grievances mentioned Defendant or that Plaintiff's neurologist follow-up appointments, MRIs, or back surgery were cancelled.

In opposition, Plaintiff argues that he exhausted available remedies as to all issues in his complaint. (ECF No. 32 at 1.) First, Plaintiff claims that Defendant admits in her motion for summary judgment that on "April 18, 2024 she deliberately without any examination cancelled Plaintiff's pre-opp specialist ordered MRS's, neurologist follow-up and back surgery, interferring [sic] with the surgeons treatment." (ECF No. 32 at 1-2.) Second, Plaintiff claims that he grieved Defendant's deliberate indifference and interference with his pre-scheduled care, but CDCR elected not to address it. (*Id.* at 2, citing UMF 12, Ex. 1 to Pl.'s Opp'n, lines 7-8.) Third, Plaintiff claims that he proceeded to further grieve the administration's deliberate procedure of purposely ignoring inmates' grievances, thus denying inmates any administrative remedies. (*Id.*, citing Ex. 2 to Pl.'s Opp'n.) Fourth, Plaintiff argues that on August 1, 2024, he filed another administrative grievance against Defendant Dr. Devine for her interference with his treatment and her unprofessionalism. (*Id.*, citing Ex. 3 to Pl.'s Opp'n.) Plaintiff asserts that he proceeded to submit his grievance to the Director's level in order to comply with the PLRA, but the CDCR

Appeals Coordinator elected to not address his grievance on the merits, denying him any administrative remedies on the issues presented. (*Id.* at 2, citing UMF 19, Ex. 4 to Pl.'s Opp'n, lines 6-7.)

In reply, Defendant first argues that she made no admission in her motion that she deliberately cancelled Plaintiff's MRIs, neurologist follow-up and back surgery, interfering with the surgeon's treatment. Defendant next argues that Plaintiff provides no evidence to support his contention that the administrative grievance process was not available to him. Also, Plaintiff admits that the administrative process was available to him, stating in his opposition that he exhausted available state remedies on all the issues in his complaint, admitting in his verified responses to Defendant's interrogatories that he exhausted all administrative remedies available to him, and conceding on the face of his complaint that the administrative grievance process was available to him and that he utilized the grievance process. Defendant further argues that Plaintiff has not submitted proper evidence in opposition to the motion, failing to comply with this Court's Local Rule 260(b), and that Plaintiff does not address any of Defendant's arguments. Defendant indicates that Plaintiff now argues that three new grievances exhausted his administrative remedies, but Plaintiff's evidence is insufficient because the submitted grievances have no log number and one has no institutional markings of any kind to suggest it was properly filed. (ECF No. 33 at 55, citing Exs. 2 and 3 to Pl's Opp'n at 8, 10.) Defendant contends that Plaintiff's evidence shows at most that he submitted an unidentified grievance against Defendant Devine, but it is insufficient to show that he exhausted his administrative remedies because, among other things, that grievance does not identify that Defendant Devine cancelled his neurologist follow-up appointments, MRIs, and back surgery on April 18, 2024.

**F. Analysis**

**1. <u>KVSP HC 24000041</u>**

The Court finds that KVSP HC 24000041 did not exhaust Plaintiff's administrative remedies with respect to his claim against Defendant Devine in this action. Plaintiff's grievance complained of deliberate indifference to his chronic pain and pain management and a disagreement with an unidentified doctor regarding a chronic pain management care plan during a

December 26, 2023 encounter. UMF 7, 9; and Ex. B. to Martin Decl. It is undisputed that the grievance does not mention Defendant Devine, nor does it complain that Defendant Devine cancelled his specialist follow-up and back surgery, as well as his pre-operation MRIs. UMF 6.

Plaintiff argues that he grieved Defendant Devine's deliberate indifference and interference with his prescheduled care, but CDCR elected not to address it. (ECF No. 32 at 2.) In support, Plaintiff references evidence that the grievance was not deemed to meet the definition of staff misconduct against health care staff. (*Id.*, citing UMF 12.) However, the grievance fails to mention any act or omission by Defendant Devine that would put the prison on notice of the nature of Plaintiff's deliberate indifference claim in this action. Further, Plaintiff submitted the grievance prior to April 18, 2024, the date on which Defendant Devine is alleged to have interfered with Plaintiff's medical treatment and cancelled his specialist pre-op MRIs order, neurologist follow-up, and back surgery. UMF 6; FAC at 4. He also appealed the grievance prior to April 18, 2024, and the appeal did not mention Defendant Devine nor complain that Defendant Devine cancelled his specialist follow-up and back surgery and his pre-operation MRIs. UMF 11. Thus, neither the original grievance nor the appeal could have put prison officials on notice of the deliberate indifference claim against Defendant Devine.

**2. <u>Grievance Log No. 602249</u>**

The Court finds that Grievance Log No. 602249 did not exhaust Plaintiff's administrative remedies with respect to his claim against Defendant Devine in this action. Plaintiff's grievance complained of back and leg pain and stated that he could not walk or stand. Plaintiff also complained that his "permanent wheelchair user" status was "cancelled" by "LA Co. Jail administrators." Further, Plaintiff requested that his "pain management meds, Lyrica" be reinstated because his current pain medications were not sufficient. UMF 15. It is undisputed that the grievance does not mention Defendant Devine, nor does it complain that Defendant Devine cancelled Plaintiff's specialist follow-up and back surgery, as well as his pre-operation MRIs. UMF 16. The grievance fails to mention any act or omission by Defendant Devine that would put the prison on notice of the nature of Plaintiff's deliberate indifference claim in this action.

It was only after Plaintiff received the first level response from the Office of Grievances and submitted an appeal that he complained about Defendant Devine, asserting she "interfered with [his] neuro-surgeons treatment and prep for surgery." UMF 18, 19. Adding a new claim once the first level of review is complete does not exhaust administrative remedies. *See* Cal. Code Regs. tit. 15, § 3484 (claimant may not include new claims that were not included in original grievance); *Stokes v. Costello*, No. 2:24-cv-2413 CSK P, 2025 WL 3268274, at *4 (E.D. Cal. Nov. 24, 2025), report and recommendation adopted, No. 2:24-cv-02413-DAD-CSK (PC), 2026 WL 766181 (E.D. Cal. Mar. 18, 2026) ("Adding new claims during the appeals process that were not presented in the original grievance does not serve to exhaust administrative remedies as to any new claims.") (citing §§ 3484(d), 3485(e)); *Allen v. Arias*, 1:22-cv-01502-BAM (PC), 2025 WL 2731733, at *9 (E.D. Cal. Sept. 25, 2025) ("adding a new claim once the first level is complete, as Plaintiff did here, does not exhaust administrative remedies"); *Meyers v. Kernan*, No. 1:22-cv-00539-KES-SAB (PC), 2024 WL 1908370, at *7 (E.D. Cal. May 1, 2024), report and recommendation adopted, No. 1:22-cv-00539-KES-SAB (PC), 2025 WL 2652820 (E.D. Cal. Sept. 16, 2025) (determining that adding a claim at the appeal level of review did not serve to exhaust the administrative remedies as to the alleged new claim and citing cases). Further, the Office of Appeals did not identify or address the allegations against Defendant Devine. UMF 20.

**3. <u>August 1, 2024 Grievance</u>**

Plaintiff contends that he filed an administrative grievance on August 1, 2024, against Dr. Devine "for her interference with [his] treatment and her unprofessionalism." (ECF No. 32 at 2.) In support, Plaintiff cites Exhibit 3 to his opposition, which is a CDCR Grievance dated 08/01/2024, stamped as received by KVSP's Inmate Appeals Office on August 5, 2024. (ECF No. 32 at 13-14.) In the grievance, Plaintiff alleges:

> On 08/01/2024 I was seen by KVSP Facility D Primary Care Physician, concerning my serious medical issues – uncontrolled chronic pain, ambulation and back, leg(s) problems, High Blood Pressure Medication and DMEs and a full medical chart review new arrival as I was just returned to KVSP . . from out to court in LA County. Immediately upon my arrival into the Dr.'s examination room, she had trouble with the tele-med audio and I could not hear her or understand her. She grew noticeably irritated and frustrated with this audio problem. She then called in, and attempted to do the medical interview over the phone, which wasn't much better. She asked me to describe my problems and

> concerns, and once I began to, she kept interrupting me, and began making condescending remarks, and started making very sarcastic replies to my serious medical concerns, & questions. This was overheard and witnessed by her RN, to this unprofessional attitude and conduct from Dr. Divin I replied, I didn't come here for you to mock my serious medical issues and concerns, or for you to be condescending, disrespectful and sarcastic, with me about my serious medical issues. I would like to be seen by a different CDCR doctor, one with integrity and professionalism and I stated I'm done with you, I don't need this disrespect from you, belittling my serious medical issues, and I wheeled out her examination room.
>
> I would like to be seen by a different doctor. Dr. Divine needs to be disciplined and brought up on ethics violations by the California Medical Board. (I will submit my complaint directly to the medical board). Dr. Divine needs to be removed from her dealings directly with inmates, as she is very disrespectful and unprofessional.

(*Id.* at 13-14.)

On August 9, 2024, the Office of Grievances issued a decision in response, identifying Plaintiff's claim as an allegation of staff misconduct and referring it outside the grievance and appeal process. The decision exhausted the administrative remedies available for the claim. (*See* ECF No. 31-5 at 26.)

Viewing the evidence in the light most favorable to Plaintiff, the Court finds that the August 1, 2024 grievance does not exhaust Plaintiff's claims against Defendant Devine in this action. Plaintiff did not allege in the grievance that Defendant Devine cancelled Plaintiff's neurologist follow-up appointments, MRIs, and back surgery on April 18, 2024. Rather, the grievance complained solely about Defendant Devine's conduct during an encounter with Plaintiff on August 1, 2024, and there was no mention of a neurologist follow up, MRIs, or back surgery. Thus, the August 1, 2024 grievance did not adequately or sufficiently place the institution on notice of the nature of Plaintiff's claims against Defendant Devine in this action.

**4. <u>Availability of Grievance Process</u>**

Plaintiff argues in his opposition, which is not signed under penalty of perjury, that the administrative grievance process was not available to him, claiming that he grieved the administration's deliberate procedure of purposely ignoring inmate grievances and that they elected not to address his grievances against Defendant Devine on the merits. (ECF No. 32 at 2.) However, Plaintiff admitted in his verified first amended complaint that there was an

administrative remedy process available at his institution. (FAC at 2.) Plaintiff also admitted in his verified responses to Defendant's interrogatories that an administrative remedy process was available to him at KVSP and he identified two grievances that he believed exhausted his administrative remedies: (1) KVSP HC 24000041; and (2) Grievance Log. No. 602249, discussed above. UMF 24. Based on Plaintiff's admissions and the undisputed evidence, Plaintiff has failed to demonstrate that existing and generally available administrative remedies were effectively unavailable to him.

**V. Conclusion and Recommendation**

Based on the foregoing, the Court finds that Plaintiff failed to exhaust his administrative remedies as to his Eighth Amendment claim against Defendant Devine for the cancellation of treatment. Accordingly, it is HEREBY RECOMMENDED that:

1. Defendant Devine's motion for summary judgment for failure to exhaust administrative remedies, (ECF No. 31), be GRANTED; and
2. This action be dismissed without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 27, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE